UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GUISEPPE SINNO,                                                                          Civil Action No.

                                Plaintiff,

    -against-

PIZZA 238 LLC, EUGENE GARAFALO, and
MICHAEL PROVENZALE,

                              Defendants.
------------------------------------------------------------------------X

## COMPLAINT

Plaintiff, GUISEPPE SINNO (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, PIZZA 238 LLC, EUGENE GARAFALO, and MICHAEL PROVENZALE (hereinafter, collectively "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter, "NYLL"), and the supporting New York State Department of Labor Regulations of the Official Compilation of Codes, Rules, and Regulations of the State of New York promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (hereinafter, the "Regulations"), including Part 146 of Title 12 (12 N.Y.C.R.R. § 146), to recover unpaid overtime compensation, unpaid spread of hours compensation, and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a pizza maker from in or about August 2014 until in or about September 2016 and again from in or about November 2017 until on or about January 19, 2019.

6. Upon information and belief, Defendants own and operate a pizzeria located at 238 Saw Mill River Road, Millwood, New York 10546.

7. According to the New York State Department of State, Division of Corporations, Defendant Pizza 238 LLC (hereinafter, "Pizza 238") is a New York domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

8. At all relevant times, Defendant Pizza 238 maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

9. Upon information and belief, Defendant Eugene Garafalo (hereinafter, "Garafalo") is a resident of the State of New York.

10. Upon information and belief, at all relevant times, Defendant Garafalo was an owner, member, officer, director, and/or managing agent of Defendant Pizza 238.

11. Upon information and belief, at all relevant times, Defendant Garafalo exercised operational control over Defendant Pizza 238, controlled significant business functions of

Defendant Pizza 238, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Pizza 238 in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

12. Upon information and belief, at all relevant times, Defendant Garafalo participated in running the daily operations of Defendant Pizza 238.

13. Upon information and belief, at all relevant times, Defendant Garafalo participated in the management and supervision of Plaintiff and his work for Defendants at their pizzeria.

14. Upon information and belief, Defendant Michael Provenzale (hereinafter, "Provenzale") is a resident of the State of New York.

15. Upon information and belief, at all relevant times, Defendant Provenzale was an owner, member, officer, director, and/or managing agent of Defendant Pizza 238.

16. Upon information and belief, at all relevant times, Defendant Provenzale exercised operational control over Defendant Pizza 238, controlled significant business functions of Defendant Pizza 238, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Pizza 238 in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

17. Upon information and belief, at all relevant times, Defendant Provenzale participated in running the daily operations of Defendant Pizza 238.

18. Upon information and belief, at all relevant times, Defendant Provenzale participated in the management and supervision of Plaintiff and his work for Defendants at their pizzeria.

19. Defendants Pizza 238, Garafalo, and Provenzale are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, employed Plaintiff.

**FACTS**

20. At all times relevant to this action, Plaintiff was employed as a pizza maker for the benefit of and at the direction of Defendants at their pizzeria located at 238 Saw Mill River Road, Millwood, New York 10546.

21. Throughout his employment with Defendants, Plaintiff's primary duties included making pizza, tending the counter, helping customers, operating the cash register, and taking inventory.

22. Throughout his employment with Defendants, Plaintiff punched in at the beginning of his shifts and punched out at the end of his shifts.

23. Upon information and belief, Defendants are in possession of Plaintiff's daily and/or weekly time records.

24. From about August 2014 until about September 2016 and again from about November 2017 until about November 2018, Plaintiff worked six days per week from or about 10:00 a.m. until or about 10:00 p.m. with Thursday off.

25. During this time, Plaintiff did not receive and did not take uninterrupted meal breaks longer than fifteen (15) minutes during his shifts.

26. During this time, Plaintiff worked at least seventy-two (72) hours per week.

27. From about December 2017 until on or about January 19, 2019, Plaintiff worked Sunday, Monday, Tuesday, Wednesday, and Saturday from or about 10:00 a.m. until or about 10:00 p.m., and on Friday from or about 10:00 a.m. until or about 8:00 p.m.

28. During this time, Plaintiff did not receive and did not take uninterrupted meal breaks longer than fifteen (15) minutes during his shifts.

29. During this time, Plaintiff worked at least seventy (70) hours per week.

30. Throughout his employment, Defendants paid Plaintiff an hourly rate of pay.

31. Throughout his employment, Defendants paid Plaintiff partly in cash and partly by check.

32. Throughout his employment, Defendants paid Plaintiff straight-time for all of the hours that Plaintiff worked each week.

33. Throughout his employment, Defendants did not pay Plaintiff overtime compensation for any hours that Plaintiff worked in excess of forty (40) hours per week.

34. Throughout his employment, Defendants did not pay Plaintiff one and one-half times his regular rate of pay for any hours that Plaintiff worked in excess of forty (40) hours per week.

35. Throughout his employment, Plaintiff regularly worked shifts that exceeded ten (10) hours per day.

36. Throughout his employment, despite Plaintiff working shifts that exceeded ten (10) hours per day, Defendants did not pay Plaintiff spread of hours compensation.

37. Throughout his employment, despite Plaintiff working shifts that exceeded ten (10) hours per day, Defendants did not pay Plaintiff one additional hour of pay at the statutory minimum wage rate.

38. Defendants did not provide Plaintiff with a Notice and Acknowledgement of Pay Rate and Payday for Hourly Rate Employees, or any other form of wage notice, at his hiring or at any other time thereafter, as required by the NYLL.

39. Defendants did not provide Plaintiff with complete and accurate earnings statements, pay stubs, cash receipts, or any other form of wage statement along with his weekly earnings, as required by the NYLL.

40. Defendants Garafalo and Provenzale participated in the decision to hire Plaintiff.

41. Defendants Garafalo and Provenzale participated in the decision to fire Plaintiff.

42. Defendants Garafalo and Provenzale participated in the daily supervision of Plaintiff's duties.

43. Defendants Garafalo and Provenzale participated in setting Plaintiff's work schedule.

44. Defendants Garafalo and Provenzale participated in deciding the manner in which Plaintiff was paid during his employment.

45. Defendants Garafalo and Provenzale participated in deciding the hours that Plaintiff worked each week during his employment.

46. Defendants Garafalo and Provenzale participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

47. Defendants Garafalo and Provenzale participated in running the day-to-day operations of Defendant Pizza 238 during Plaintiff's employment.

48. Defendants managed Plaintiff's employment, including the amount of overtime worked.

49. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

50. Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was entitled for this work time under the law.

51. Defendants were aware that Plaintiff regularly worked in excess of ten (10) hours per day but failed to pay him the full amount of spread of hours compensation to which he was entitled for this work time under the law.

52. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201 *ET SEQ.*
## FAILURE TO COMPENSATE FOR OVERTIME

53. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

55. Defendants were and are subject to the overtime pay requirements of the FLSA because Defendant Pizza 238 is an enterprise engaged in commerce or in the production of goods for commerce.

56. At all times relevant to this Complaint, Defendant Pizza 238 had, and continues to have, two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a pizza maker and handled food items and other kitchen equipment that originated outside of the State of New York, and who was regularly and frequently required to process credit-card payments for Defendants' customers through credit card companies located outside of the State of New York.

57. Upon information and belief, the gross annual volume of sales made or business done by Defendant Pizza 238 for the years 2018 and 2017 was not less than $500,000.00.

58. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

59. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

60. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

61. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

62. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

63. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

64. Defendants have not acted in good faith with respect to the conduct alleged herein.

65. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

### COUNT II
### VIOLATION OF THE NEW YORK LABOR LAW
### ARTICLES 6 AND 19
### FAILURE TO COMPENSATE FOR OVERTIME

66. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

68. At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

69. At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

70. At all times relevant to this Action, Defendants employed Plaintiff, suffering or permitting him to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

71. The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

72. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

73. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the NYLL and the Regulations pertaining thereto.

74. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

75. Plaintiff was not exempt from the overtime provisions of the NYLL, because he did not meet the requirements for any of the reduced number of exemptions available thereunder.

76. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS COMPENSATION

78. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

79. At all times relevant to this Action, Defendant Pizza 238 was a restaurant as defined by the regulations pertaining to the NYLL.

80. At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

81. In violation of the NYLL and the regulations pertaining thereto, Defendants failed to pay Plaintiff an additional hour of pay at the statutory minimum wage rate when the spread of hours between the beginning and end of Plaintiff's workday exceeded ten hours.

82. Such failures constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff.

83. As a result of Defendants' violation of the NYLL and the regulations pertaining thereto, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

84. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

85. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rate of pay and overtime rate of pay.

86. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

87. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

88. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

89. Defendants willfully failed to provide Plaintiff complete and accurate wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

90. Through their knowing and intentional failure to provide Plaintiff with complete and accurate wage statements, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

91. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

2. Willfully violated the provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and spread of hours compensation to Plaintiff;

4. Willfully violated the applicable provisions of the NYLL;

5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and statements;

B. Award compensatory damages, including all overtime and spread of hours compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award statutory damages under the NYLL;

E. Award interest on all NYLL overtime and spread of hours compensation due accruing from the date such amounts were due;

F. Award all costs, disbursements, and attorney's fees incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 8, 2019

_____
Neil H. Greenberg, Esq.
Keith E. Williams, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
nhglaw@nhglaw.com
keith@nhglaw.com

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Siino, Guiseppe v. Pizza 238 LLC, Eugene Garafalo, and Michael Provenzale** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
      February 14, 2019

*/s/ Guiseppe Siino*
Guiseppe Siino